**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KEITH ANTHONY PEASE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1941-PRW** |
| | ) | |
| **DAVID THOMAS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has filed a complaint against the current and former district attorney and an assistant district attorney involved in his state criminal case, as well as the Jackson County court clerk. Doc. 1.[1] He seeks relief under 42 U.S.C. § 1983. *Id.* United States District Judge Patrick R. Wyrick referred this case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Upon screening the complaint, the undersigned recommends the Court dismiss this action.

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Plaintiff's background and claims.

In 2022, Plaintiff was convicted of one count of felony discharge of a firearm into a dwelling and one count of possession of firearms after a prior conviction.[2] Plaintiff was sentenced to 35 years on Count 1 and 20 years on Count 2, to be served consecutively. *Pease I* (Judgment and Sentence issued Jan. 20, 2023).

Plaintiff appealed his convictions to the Oklahoma Court of Criminal Appeals.[3] The court issued an unpublished summary opinion vacating Plaintiff's convictions and remanding for a new trial. *Pease II* (Opinion issued Aug. 1, 2024). The appellate court concluded that the trial court improperly admitted evidence of Plaintiff's prior convictions in the first half of his bifurcated trial. *Id.*

---

[2] *State v. Pease*, No. CF-2021-00223, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=jackson&number=CF-2021-00223&cmid=6943409 (last accessed Oct. 21, 2026) (*Pease I*). The Court takes judicial notice of Plaintiff's state-court criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

[3] *Pease v. State*, No. F-2023-66, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2023-66&cmid=134535 (last accessed Oct. 21, 2026) (*Pease II*).

On remand, Plaintiff pleaded guilty to both counts. *Pease I* (Plea of Guilty entered Oct. 7, 2024). Plaintiff was resentenced to 20 years' imprisonment on each count, to be served concurrently and with credit for time served. *Id.* (Judgment and Sentence entered Oct. 7, 2024).

Plaintiff sues former Jackson County District Attorney David Thomas, current Jackson County District Attorney Dan Jacobsma, Assistant District Attorney Clarissa Sanders, and Jackson County Court Clerk Tina Swailes, each in his or her individual capacity. Doc. 1, at 4-5.

In Claim I, Plaintiff states that these defendants violated his right to a fair trial because they "showed prejudice when they presented an old 2001 Judgment and Sentence to jurors prematurely[.]" *Id.* at 8. In Claim II, Plaintiff states the same defendants violated his right to due process, but he does not provide any supporting facts. *Id.* at 8-9. As relief, Plaintiff requests that his convictions be vacated, that he be released from prison, and that he receive damages. *Id.* at 8, 9.

## II. Screening.

This Court must screen complaints filed by prisoners seeking relief against a governmental entity or its officer or employee. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In conducting this review, the Court accepts Plaintiff's allegations as true and construes them, and any reasonable inferences to be drawn from them, in the light most favorable to him. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "The complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Additionally, if the Court finds that some or all claims must be dismissed, the Court must consider whether to allow Plaintiff an opportunity

to amend the complaint. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Leave to amend should be granted "[p]articularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements." *Id.* However, the Court need not grant leave to amend if the amended claims would be subject to immediate dismissal under Rule 12(b)(6) or § 1915A. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (leave to amend may be denied where amendment would be futile); *Hall*, 935 F.2d at 1110.

## III. Discussion.

### A. Defendants Thomas, Jacobsma, and Sanders are entitled to absolute prosecutorial immunity from Plaintiff's damages claims arising from the presentation of evidence at trial.

Plaintiff sues former Jackson County District Attorney Thomas, current District Attorney Jacobsma, and Assistant District Attorney Sanders in their individual capacities for their roles in his trial and convictions. These defendants are entitled to absolute prosecutorial immunity from damages claims arising from their presentation of evidence at trial. "A prosecutor is absolutely immune from civil liability for damages for acts he undertakes 'in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Butler v. Rainbolt*, No. 23-7091, 2024 WL 3548936, at *2 (10th Cir. July 26, 2024) (quoting *Buckley v.*

*Fitzsimmons*, 509 U.S. 259, 273 (1993)). The immunity covers functions "intimately associated with the judicial phase of the criminal process" including "presenting the State's case." *Buckley*, 509 U.S. at 270 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 & n.33 (1976)).

Plaintiff challenges the introduction of particular evidence during his trial. Doc. 1, at 8. This conduct falls within the scope of prosecutorial immunity. *Butler*, 2024 WL 3548936, at *2 (citing *Hammond v. Bales*, 843 F.2d 1320, 1321-22 (10th Cir. 1988)); *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1214-15 (W.D. Okla. 2012) (prosecutor immune from § 1983 claims based on introduction of evidence in a criminal trial).[4] Defendants Thomas, Jacobsma, and Sanders are thus entitled to absolute prosecutorial immunity from Plaintiff's individual-capacity damages claim against them, and the Court should dismiss it under § 1915A(b)(2).

**B. Plaintiff fails to state a claim against Defendant Swailes.**

Plaintiff does not provide any supporting facts for his claim against Defendant Swailes. Plaintiff does not identify any act or omission by Defendant

---

[4] This Court "may properly exercise its § 1915A(b)(2) authority to pre-screen cases and dismiss a prisoner's § 1983 claim based on absolute prosecutorial immunity without waiting for Defendant to invoke that immunity." *Ford v. Hinsperger*, No. CIV-21-493-R, 2022 WL 357189, at *2 (W.D. Okla. Feb. 7, 2022) (citing *Blair v. Osborn*, 777 F. App'x 926, 928-29 (10th Cir. 2019)).

Swailes that violated his constitutional rights. His collective allegation that Defendants improperly presented evidence does not explain Swailes's personal participation in that conduct. *See* Fed. R. Civ. P. 8(a); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) ("[A] successful § 1983 complaint [must] make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her."). The Court thus concludes Plaintiff fails to state a claim against Swailes. As a result, the Court should dismiss this claim.

**C. The Court need not grant Plaintiff leave to amend.**

The Court need not grant Plaintiff leave to amend his complaint to state a claim against any defendant because any such amendment would be futile. *See Bradley*, 379 F.3d at 901; *Hall*, 935 F.2d at 1110. Defendants Thomas, Jacobsma, and Sanders are entitled to absolute prosecutorial immunity, so any amendment to Plaintiff's claims against them would be futile.

As to Defendant Swailes, judges acting in their judicial capacity are generally immune from suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). This immunity extends to court clerks. *Dunn v. Harper County*, 520 F. App'x 723, 725 (10th Cir. 2013) ("We agree with the district court that the judge, court clerks, and prosecutor are all entitled to absolute immunity under well-established precedent from the Supreme Court and this court.").

The immunity also extends to claims for injunctive relief. *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir. 2008) ("Thus, the doctrine of judicial immunity now extends to suits against judges where a plaintiff seeks not only monetary relief, but injunctive relief as well."); *see also* 42 U.S.C. § 1983 (noting that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

Judicial officers, including court clerks, receive this immunity where performance of a judicial act is involved, or their duties have an integral relationship with the judicial process. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (finding that a court clerk enjoys absolute quasi-judicial immunity when he or she performs a "judicial act" "or their duties have an integral relationship with the judicial process."). Plaintiff's claims are based on conduct during trial. Doc. 1, at 8-9 (referring to conduct during the "first stage of the unfair trial" or "during jury trial"). This conduct has "an integral relationship with the judicial process." *Lundahl*, 296 F.3d at 939. Therefore, the Court need not grant Plaintiff leave to amend his claim against Defendant Swailes as any claim against her would be barred by judicial immunity.

**D. Plaintiff's requests for injunctive relief fail.**

Plaintiff's requests to vacate his state convictions and obtain release are also not cognizable in this § 1983 action. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the condition of the prisoner's confinement and requests monetary compensation for such conditions."). This Court cannot grant Plaintiff the relief he requests in this action.

**IV. Recommendation and notice of right to object.**

For the reasons above, the undersigned recommends the Court dismiss the complaint with prejudice.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before November 19, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 29th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE